# Exhibit A

FILED
Superior Court Of California,
Sacramento
03/17/2022
rmallador
By_____ , Deputy
Case Number:
34-2022-00316991

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP.**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| ALICIA TORRES, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>9. DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA; and,<br>10. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Plaintiff Alicia Torres ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Target Corporation ("DEFENDANT") is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     DEFENDANT owns and operates big box retail stores in California.

3.     PLAINTIFF was employed by DEFENDANT in California from 2013 to January of 2022 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California distribution center and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and

the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  Among other things, DEFENDANT required PLAINTIFF to

work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. PLAINTIFF and CALIFORNIA CLASS Members also worked off the clock with respect to time spent undergoing mandatory drug testing or any other testing and/or examination required as a condition of employment. DEFENDANT, as a matter of established company policy and procedure, administered a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members were paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Additionally, DEFENDANT engaged in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, the PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited time worked by working without their time worked being correctly recorded and without compensation being paid for all hours worked, including overtime worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.     State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

10.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid

4

PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were

1   denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

2   (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes

3   for some shifts worked of between six (6) and eight (8) hours from time to time, and a first,

4   second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours

5   or more from time to time.  PLAINTIFF and other CALIFORNIA CLASS Members were also

6   not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage

7   Order requires employers to provide employees with off-duty rest periods, which the California

8   Supreme Court defined as time during which an employee is relieved from all work related

9   duties and free from employer control.  In so doing, the Court held that the requirement under

10  California law that employers authorize and permit all employees to take rest period means that

11  employers must relieve employees of all duties and relinquish control over how employees

12  spend their time which includes control over the locations where employees may take their rest

13  period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

14  five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFF and

15  other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on

16  DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members

17  cannot leave the work premises during their rest period.

18          13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

19  record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

20  of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders,

21  DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members

22  for all time worked, meaning the time during which an employee was subject to the control of

23  an employer, including all the time the employee was permitted or suffered to permit this work.

24  DEFENDANT required these employees to work off the clock without paying them for all the

25  time they were under DEFENDANT's control.  As such, DEFENDANT knew or should have

26  known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under

27  compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS

28  Members forfeited time worked by working without their time being accurately recorded and

CLASS ACTION COMPLAINT

1  without compensation at the applicable minimum wage and overtime wage rates.  To the extent

2  that the time worked off the clock does not qualify for overtime premium payment,

3  DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of

4  Cal. Lab. Code §§ 1194, 1197, and 1197.1.

5       14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

6  other members of  the CALIFORNIA CLASS with complete and accurate wage statements

7  which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab.

8  Code § 226 provides that every employer shall furnish each of his or her employees with an

9  accurate itemized wage statement in writing showing, among other things, gross wages earned

10  and all applicable hourly rates in effect during the pay period and the corresponding amount of

11  time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid

12  on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates

13  during the pay period and the total hours worked, and the applicable pay period in which the

14  wages were earned pursuant to California Labor Code Section 226(a).  The wage statements

15  DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to

16  identify such information. More specifically, the wage statements failed to identify the accurate

17  total hours worked each pay period.  When the hours shown on the wage statements were added

18  up, they did not equal the actual total hours worked during the pay period.  DEFENDANT also

19  violated Cal. Lab. Code Section 226 (a)(9) for failing to list the hours worked and correct rate

20  of pay for the "Details Not Displayed" wage payments.  Aside, from the violations listed above

21  in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that

22  lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT

23  from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS

24  with wage statements which violated Cal. Lab. Code § 226.

25       15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be

26  deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the

27  wages are paid not more than seven calendar days following the close of the payroll period.

28  Cal. Lab. Code § 210 provides:

[I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.     DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to the "Other Pay" wage payments.

17.     DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.   Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.   Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful,

8

1  such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has

2  separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

3      21.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer

4  to collect or receive from an employee any part of wages theretofore paid by said employer to

5  said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other

6  CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation

7  payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose

8  all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA

9  LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at

10  each applicable pay period and upon termination.   PLAINTIFF and members of the

11  CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages

12  according to proof, related penalties, interest, attorney fees and costs.

13      22.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify

14  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

15  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence

16  of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section

17  2802, employers are required to indemnify employees for all expenses incurred in the course

18  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

19  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

20  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

21  directions of the employer, even though unlawful, unless the employee, at the time of obeying

22  the directions, believed them to be unlawful."

23      23.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

24  Members as a business expense, were required by DEFENDANT to use their own personal

25  cellular phones as a result of and in furtherance of their job duties as employees for

26  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated

27  with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically,

28  PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use

their personal cellular phones. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24. Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. Additionally, in October of 2021, PLAINTIFF advised DEFENDANT of her Covid diagnosis and her worsening condition regarding her Asthma, continuing throughout the rest of her employment up until her termination on December 27, 2021, DEFENDANT retaliated against PLAINTIFF and denied her job promotions and other employment related benefits. PLAINTIFF went on a leave of absence as approved by DEFENDANT, but when it was time to return to work after PLAINTIFF's leave of absence, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating and discriminating against PLAINTIFF after PLAINTIFF informed DEFENDANT of her Asthma disability. Specifically, DEFENDANT terminated PLAINTIFF's employment with DEFENDANT in December of 2021. As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate her employment, which is against public policy. Prior to filing this action, PLAINTIFF exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and received a DFEH right-to-sue letter on March 8, 2022.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

25.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

26.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

**THE CALIFORNIA CLASS**

27.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California distribution center and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

28.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

29.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and

11
CLASS ACTION COMPLAINT

wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

30.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.   This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

31.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

33.    This Class Action meets the statutory prerequisites for the maintenance of a Class

12

Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

34.     In addition to meeting the statutory prerequisites to a Class Action, this action is

13

properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the

14

CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to

15

assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

35.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

36.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

37.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in a California distribution center and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars

17

($5,000,000.00).

38.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether DEFENDANT failed to provide the PLAINTIFF and the other

18

1                 members of the CALIFORNIA LABOR SUB-CLASS with accurate

2                 itemized wage statements;

3         (c)     Whether DEFENDANT has engaged in unfair competition by the

4                 above-listed conduct;

5         (d)     The proper measure of damages and penalties owed to the members of the

6                 CALIFORNIA LABOR SUB-CLASS; and,

7         (e)     Whether DEFENDANT's conduct was willful.

8     42.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

9 under California law by:

10         (a)     Violating Cal. Lab. Code § 510, by failing to correctly pay the

11                 PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

12                 CLASS all wages due for overtime worked, for which DEFENDANT is

13                 liable pursuant to Cal. Lab. Code § 1194;

14         (b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to

15                 accurately pay PLAINTIFF and the members of the CALIFORNIA

16                 LABOR SUB-CLASS the correct minimum wage pay for which

17                 DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

18         (c)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

19                 members of the CALIFORNIA LABOR SUB-CLASS with an accurate

20                 itemized statement in writing showing the corresponding correct amount

21                 of wages earned by the employee;

22         (d)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

23                 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

24                 CLASS with all legally required off-duty, uninterrupted thirty (30) minute

25                 meal breaks and the legally required off-duty rest breaks;

26         (e)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

27                 when an employee is discharged or quits from employment, the employer

28                 must pay the employee all wages due without abatement, by failing to

1    tender full payment and/or restitution of wages owed or in the manner

2    required by California law to the members of the CALIFORNIA LABOR

3    SUB-CLASS who have terminated their employment; and,

4       (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

5    the CALIFORNIA LABOR SUB-CLASS members with necessary

6    expenses incurred in the discharge of their job duties.

7    43.    This Class Action meets the statutory prerequisites for the maintenance of a Class

8    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

9       (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

10    so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

11    Members is impracticable and the disposition of their claims as a class

12    will benefit the parties and the Court;

13       (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

14    that are raised in this Complaint are common to the CALIFORNIA

15    LABOR SUB-CLASS and will apply to every member of the

16    CALIFORNIA LABOR SUB-CLASS;

17       (c)    The claims of the representative PLAINTIFF are typical of the claims of

18    each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

19    like all the other members of the CALIFORNIA LABOR SUB-CLASS,

20    was a non-exempt employee paid on an hourly basis who was subjected

21    to the DEFENDANT's practice and policy which failed to pay the correct

22    amount of wages due to the CALIFORNIA LABOR SUB-CLASS.

23    PLAINTIFF sustained economic injury as a result of DEFENDANT's

24    employment practices.    PLAINTIFF and the members of the

25    CALIFORNIA LABOR SUB-CLASS were and are similarly or

26    identically harmed by the same unlawful, deceptive, and unfair

27    misconduct engaged in by DEFENDANT; and,

28       (d)    The representative PLAINTIFF will fairly and adequately represent and

20

CLASS ACTION COMPLAINT

1    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

2    retained counsel who are competent and experienced in Class Action

3    litigation.   There are no material conflicts between the claims of the

4    representative PLAINTIFF and the members of the CALIFORNIA

5    LABOR SUB-CLASS that would make class certification inappropriate.

6    Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

7    assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

8    44.   In addition to meeting the statutory prerequisites to a Class Action, this action is

9    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

10    (a)   Without class certification and determination of declaratory, injunctive,

11    statutory and other legal questions within the class format, prosecution of

12    separate actions by individual members of the CALIFORNIA LABOR

13    SUB-CLASS will create the risk of:

14    1)   Inconsistent or varying adjudications with respect to individual

15    members of the CALIFORNIA LABOR SUB-CLASS which

16    would establish incompatible standards of conduct for the parties

17    opposing the CALIFORNIA LABOR SUB-CLASS; or,

18    2)   Adjudication with respect to individual members of the

19    CALIFORNIA LABOR SUB-CLASS which would as a practical

20    matter be dispositive of interests of the other members not party to

21    the adjudication or substantially impair or impede their ability to

22    protect their interests.

23    (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

24    or refused to act on grounds generally applicable to the CALIFORNIA

25    LABOR SUB-CLASS, making appropriate class-wide relief with respect

26    to the CALIFORNIA LABOR SUB-CLASS as a whole in that

27    DEFENDANT fails to pay all wages due. Including the correct wages for

28    all time worked by the members of the CALIFORNIA LABOR SUB-

21

Exhibit A, Page 35

1    CLASS as required by law;

2    (c)    Common questions of law and fact predominate as to the members of the

3           CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

4           violations of California Law as listed above, and predominate over any

5           question affecting only individual CALIFORNIA LABOR SUB-CLASS

6           Members, and a Class Action is superior to other available methods for

7           the fair and efficient adjudication of the controversy, including

8           consideration of:

9           1)    The interests of the members of the CALIFORNIA LABOR SUB-

10                 CLASS in individually controlling the prosecution or defense of

11                 separate actions in that the substantial expense of individual

12                 actions will be avoided to recover the relatively small amount of

13                 economic losses sustained by the individual CALIFORNIA

14                 LABOR SUB-CLASS Members when compared to the substantial

15                 expense and burden of individual prosecution of this litigation;

16           2)    Class certification will obviate the need for unduly duplicative

17                 litigation that would create the risk of:

18                 A.    Inconsistent or varying adjudications with respect to

19                       individual members of the CALIFORNIA LABOR SUB-

20                       CLASS, which would establish incompatible standards of

21                       conduct for the DEFENDANT; and/or,

22                 B.    Adjudications with respect to individual members of the

23                       CALIFORNIA LABOR SUB-CLASS would as a practical

24                       matter be dispositive of the interests of the other members

25                       not parties to the adjudication or substantially impair or

26                       impede their ability to protect their interests;

27           3)    In the context of wage litigation because a substantial number of

28                 individual CALIFORNIA LABOR SUB-CLASS Members will

22

CLASS ACTION COMPLAINT

avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

45. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and

23

1    equitable relief for the acts of unfair competition, statutory violations and

2    other improprieties, and in obtaining adequate compensation for the

3    damages and injuries which DEFENDANT's actions have inflicted upon

4    the CALIFORNIA LABOR SUB-CLASS;

5    (f)    There is a community of interest in ensuring that the combined assets of

6    DEFENDANT are sufficient to adequately compensate the members of

7    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

8    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

9    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

10   wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

11   CLASS as a whole;

12   (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

13   ascertainable from the business records of DEFENDANT.    The

14   CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

15   CLASS Members who worked for DEFENDANT in California at any

16   time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

17   (i)    Class treatment provides manageable judicial treatment calculated to bring

18   a efficient and rapid conclusion to all litigation of all wage and hour

19   related claims arising out of the conduct of DEFENDANT as to the

20   members of the CALIFORNIA LABOR SUB-CLASS.

21

22                          **FIRST CAUSE OF ACTION**

23                          **For Unlawful Business Practices**

24                  **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

25   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

26          46.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

28   Complaint.

                                    24

47. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

48. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

49. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

50. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

51. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods

CLASS ACTION COMPLAINT

Exhibit A, Page 39

1  and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse

2  al necessary business expenses incurred, and failed to provide Fair Labor Standards Act

3  overtime wages due for overtime worked as a result of failing to include non-discretionary

4  incentive compensation into their regular rates of pay for purposes of computing the proper

5  overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal.

6  Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

7  17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

8  to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

9      52.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

10  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

11  other members of the CALIFORNIA CLASS to be underpaid during their employment with

12  DEFENDANT.

13      53.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

14  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

15  all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA

16  CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

17      54.   Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

18  CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

19  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

20  for each workday in which a second off-duty meal period was not timely provided for each ten

21  (10) hours of work.

22      55.   PLAINTIFF further demands on behalf of herself and each member of the

23  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

24  duty paid rest period was not timely provided as required by law.

25      56.   By and through the unlawful and unfair business practices described herein,

26  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

27  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

28  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

1   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT
2   to unfairly compete against competitors who comply with the law.

3        57.    All the acts described herein as violations of, among other things, the Industrial
4   Welfare Commission Wage Orders, the California Code of Regulations, and the California
5   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
6   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and
7   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

8        58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,
9   and do, seek such relief as may be necessary to restore to them the money and property which
10  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
11  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
12  unfair business practices, including earned but unpaid wages for all time worked.

13       59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
14  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair
15  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
16  engaging in any unlawful and unfair business practices in the future.

17       60.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,
18  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices
19  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.
20  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the
21  other members of the CALIFORNIA CLASS have suffered and will continue to suffer
22  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to
23  engage in these unlawful and unfair business practices.

24  ///
25  ///
26  ///
27  ///
28  ///

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

61.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

63.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

64.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

65.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the

28

1   other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

2   68.   In committing these violations of the California Labor Code, DEFENDANT

3   inaccurately calculated the correct time worked and consequently underpaid the actual time

4   worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

5   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

6   benefits in violation of the California Labor Code, the Industrial Welfare Commission

7   requirements and other applicable laws and regulations.

8   69.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

9   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

10   receive the correct minimum wage compensation for their time worked for DEFENDANT.

11   70.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

12   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

13   Members to work without paying them for all the time they were under DEFENDANT's

14   control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

15   members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they

16   were entitled to, constituting a failure to pay all earned wages.

17   71.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

18   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

19   CLASS for the true time they worked, PLAINTIFF and the other members of the

20   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

21   injury in amounts which are presently unknown to them and which will be ascertained

22   according to proof at trial.

23   72.   DEFENDANT knew or should have known that PLAINTIFF and the other

24   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

25   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

26   to not pay employees for their labor as a matter of company policy, practice and procedure, and

27   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

28   of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

73.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

30

CLASS ACTION COMPLAINT

76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

81.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

31

1      82.    In committing these violations of the California Labor Code, DEFENDANT

2    inaccurately recorded overtime worked and consequently underpaid the overtime worked by

3    PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted

4    in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation

5    of the California Labor Code, the Industrial Welfare Commission requirements and other

6    applicable laws and regulations.

7      83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

8    the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

9    receive full compensation for overtime worked.

10      84.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

11    from the overtime requirements of the law.  None of these exemptions are applicable to the

12    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

13    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

14    subject to a valid collective bargaining agreement that would preclude the causes of action

15    contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of herself

16    and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-

17    negotiable, non-waiveable rights provided by the State of California.

18      85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

19    other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime

20    worked that they are entitled to, constituting a failure to pay all earned wages..

21      86.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

22    of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

23    was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

24    1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

25    SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

26    failed to accurately record and pay as evidenced by DEFENDANT's business records and

27    witnessed by employees.

28      87.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

CLASS ACTION COMPLAINT

1  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
2  CLASS for the true amount of time they worked, PLAINTIFF and the other members of the
3  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
4  injury in amounts which are presently unknown to them and which will be ascertained
5  according to proof at trial.

6    88.   DEFENDANT knew or should have known that PLAINTIFF and the other
7  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime
8  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
9  to not pay employees for their labor as a matter of company policy, practice and procedure, and
10  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members
11  of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

12    89.   In performing the acts and practices herein alleged in violation of California labor
13  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
14  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT
15  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and
16  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
17  disregard for their legal rights, or the consequences to them, and with the despicable intent of
18  depriving them of their property and legal rights, and otherwise causing them injury in order
19  to increase company profits at the expense of these employees.

20    90.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
21  therefore request recovery of all overtime wages, according to proof, interest, statutory costs,
22  as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
23  by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or
24  overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS
25  Members who have terminated their employment, DEFENDANT's conduct also violates Labor
26  Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time
27  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
28  CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

33

CLASS ACTION COMPLAINT

1   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

2   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

91.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

of this Complaint.

92.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

duties for the legally required off-duty meal periods.  As a result of their rigorous work

schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally,

DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to

provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period

in some workdays in which these employees were required by DEFENDANT to work ten (10)

hours of work from time to time.  As a result, PLAINTIFF and other members of the

CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional

compensation and in accordance with DEFENDANT's strict corporate policy and practice.

93.     DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

34

CLASS ACTION COMPLAINT

1  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

2  CLASS Members who were not provided a meal period, in accordance with the applicable

3  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

4  each workday that a meal period was not provided.

5       94.     As a proximate result of the aforementioned violations, PLAINTIFF and

6  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

7  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

8  suit.

9

10                          **FIFTH CAUSE OF ACTION**

11                    **For Failure to Provide Required Rest Periods**

12                      **[Cal. Lab. Code §§ 226.7 & 512 ]**

13         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                                 **Defendants)**

15       95.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

17  of this Complaint.

18       96.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

19  time to time required to work in excess of four (4) hours without being provided ten (10) minute

20  rest periods. Further, these employees from time to time were denied their first rest periods of

21  at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

22  second rest period of at least ten (10) minutes for some shifts worked of between six (6) and

23  eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some

24  shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other

25  CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages

26  in lieu thereof.   As a result of their rigorous work schedules, PLAINTIFF and other

27  CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest

28  periods by DEFENDANT and DEFENDANT's managers.

1   97.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

2   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

3   CLASS Members who were not provided a rest period, in accordance with the applicable Wage

4   Order, one additional hour of compensation at each employee's regular rate of pay for each

5   workday that rest period was not provided.

6   98.   As a proximate result of the aforementioned violations, PLAINTIFF and

7   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

8   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

9   suit.

10   ## SIXTH CAUSE OF ACTION

11   **For Failure to Provide Accurate Itemized Statements**

12   **[Cal. Lab. Code § 226]**

13   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14   **Defendants)**

15   99.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

16   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

17   paragraphs of this Complaint.

18   100.   Cal. Labor Code § 226 provides that an employer must furnish employees with

19   an "accurate itemized" statement in writing showing:

20   (1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose
21   compensation is solely based on a salary and who is exempt from payment of
overtime under subdivision (a) of Section 515 or any applicable order of the
22   Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee
23   is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the
24   employee may be aggregated and shown as one item,
(5) net wages earned,
25   (6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by
26   January 1, 2008, only the last four digits of his or her social security number or an
employee identification number other than a social security number may be shown on
27   the itemized statement,
(8) the name and address of the legal entity that is the employer, and
28   (9) all applicable hourly rates in effect during the pay period and the corresponding

1    number of hours worked at each hourly rate by the employee.

2       101.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

3 other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate

4 wage statements which failed to show, among other things, the correct gross and net wages

5 earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

6 employees with an accurate itemized wage statement in writing showing, among other

7 things, gross wages earned and all applicable hourly rates in effect during the pay period and

8 the corresponding amount of time worked at each hourly rate. PLAINTIFF and

9 CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the

10 wage statements should reflect all applicable hourly rates during the pay period and the total

11 hours worked, and the applicable pay period in which the wages were earned pursuant to

12 California Labor Code Section 226(a). The wage statements DEFENDANT provided to

13 PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify

14 such information. More specifically, the wage statements failed to identify the accurate total

15 hours worked each pay period. When the hours shown on the wage statements were added

16 up, they did not equal the actual total hours worked during the pay period. DEFENDANT

17 also violated Cal. Lab. Code Section 226 (a)(9) for failing to list the hours worked and

18 correct rate of pay for the "Details Not Displayed" wage payments. Aside, from the

19 violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an

20 itemized wage statement that lists all the requirements under California Labor Code 226 *et*

21 *seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other

22 members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated

23 Cal. Lab. Code § 226.

24       102.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

25 Code § 226, causing injury and damages to PLAINTIFF and the other members of the

26 CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

27 expended calculating the correct wages for all missed meal and rest breaks and the amount

28 of employment taxes which were not properly paid to state and federal tax authorities.

1    These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

2    the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

3    dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

4    dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

5    226, in an amount according to proof at the time of trial (but in no event more than four

6    thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

7    CALIFORNIA LABOR SUB-CLASS herein).

8

9                          **SEVENTH CAUSE OF ACTION**

10              **For Failure to Reimburse Employees for Required Expenses**

11                              **[Cal. Lab. Code § 2802]**

12          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13                                    **Defendants)**

14         103.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

15   reallege and incorporate by this reference, as though fully set forth herein, the prior

16   paragraphs of this Complaint.

17         104.   Cal. Lab. Code § 2802 provides, in relevant part, that:

18         An employer shall indemnify his or her employee for all necessary
           expenditures or losses incurred by the employee in direct consequence of the
19         discharge of his or her duties, or of his or her obedience to the directions of
           the employer, even though unlawful, unless the employee, at the time of
20         obeying the directions, believed them to be unlawful.

21         105.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

22   by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

23   CLASS members for required expenses incurred in the discharge of their job duties for

24   DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

25   CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

26   limited to, costs related to using their personal cellular phones on behalf of and for the

27   benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

28

                                          38

1    SUB-CLASS Members were required by DEFENDANT to use their personal cellular

2    phones in order to perform work related job tasks.  DEFENDANT's policy and practice was

3    to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

4    expenses resulting from using their personal cellular phones for DEFENDANT within the

5    course and scope of their employment for DEFENDANT.  These expenses were necessary

6    to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's

7    conduct to assert any waiver of this expectation.  Although these expenses were necessary

8    expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members,

9    DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA

10    LABOR SUB-CLASS members for these expenses as an employer is required to do under

11    the laws and regulations of California.

12         106.    PLAINTIFF therefore demands reimbursement for expenditures or losses

13    incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

14    of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

15    with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

16
                               **EIGHTH CAUSE OF ACTION**
17
                          **For Failure to Pay Wages When Due**
18
                           **[ Cal. Lab. Code §§ 201, 202, 203]**
19
                   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**
20
                            **and Against All Defendants)**
21
            107.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
22
      CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior
23
      paragraphs of this Complaint.
24
            108.    Cal. Lab. Code § 200 provides, in relevant part, that:
25    As used in this article:
      (a) "Wages" includes all amounts for labor performed by employees of
26    every description, whether the amount is fixed or ascertained by the
      standard of time, task, piece, Commission basis, or other method of calculation.
27    (b) "Labor" includes labor, work, or service whether rendered or
      performed under contract, subcontract, partnership, station plan, or other
28    agreement if the labor to be paid for is performed personally by the person

                                       39

1    demanding payment.

2        109.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer

3    discharges an employee, the wages earned and unpaid at the time of discharge are due and

4    payable immediately."

5        110.   Cal. Lab. Code § 202 provides, in relevant part, that:

6        If an employee not having a written contract for a definite period quits his
         or her employment, his or her wages shall become due and payable not
7        later than 72 hours thereafter, unless the employee has given 72 hours
         previous notice of his or her intention to quit, in which case the employee
8        is entitled to his or her wages at the time of quitting. Notwithstanding any
         other provision of law, an employee who quits without providing a 72-
9        hour notice shall be entitled to receive payment by mail if he or she so
         requests and designates a mailing address. The date of the mailing shall
10       constitute the date of payment for purposes of the requirement to provide
         payment within 72 hours of the notice of quitting.
11
         111.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR
12
     SUB-CLASS Members' employment contract.
13
         112.   Cal. Lab. Code § 203 provides, in relevant part, that:
14
         If an employer willfully fails to pay, without abatement or reduction, in
15       accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
         employee who is discharged or who quits, the wages of the employee shall
16       continue as a penalty from the due date thereof at the same rate until paid
         or until an action therefor is commenced; but the wages shall not continue
17       for more than 30 days.

18       113.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-

19   CLASS Members has terminated and DEFENDANT has not tendered payment of all wages

20   owed as required by law.

21       114.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

22   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

23   and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

24   of pay as penalty for not paying all wages due at time of termination for all employees who

25   terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and

26   demands an accounting and payment of all wages due, plus interest and statutory costs as

27   allowed by law.

28

CLASS ACTION COMPLAINT

Exhibit A, Page 54

## NINTH CAUSE OF ACTION

### For Violation of Government Code Section12940

115.    PLAINTIFF realleges and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

116.    PLAINTIFF, at all relevant times, had the right to work in an environment free of disability harassment/discrimination.

117.    In the State of California, the legislature has enacted Government Code §12940(j)(1) which forbids medical condition harassment, and imposes several affirmative duties upon the employer to ensure employees are not subjected to unlawful medical condition harassment at work.  DEFENDANT directed its offensive, unwelcome, medical condition misconduct toward PLAINTIFF because of PLAINTIFF's physical diability.

118.    PLAINTIFF was subjected to unwelcome medical condition harassment.

119.    The harassing conduct was severe or pervasive.

120.    A reasonable person in PLAINTIFF's circumstances would have considered the work environment to be hostile or abusive.

121.    PLAINTIFF considered her work environment to be hostile or abusive.

122.    DEFENDANT's managers and/or supervisors engaged in the wrongful conduct.

123.    The foregoing conduct by DEFENDANT constitutes medical condition harassment, and created a hostile, abusive and discriminatory work environment and disrupted PLAINTIFF's emotional tranquility in the workplace and altered the terms or conditions of her employment.

124.    DEFENDANT's conduct, as set forth and alleged herein, constitutes a violation of Government Code §12940 *et seq*. which prohibits medical condition harassment by an employer, manager, supervisor, co-worker or vendor, et al.

125.    As a result of DEFENDANT's actions and the substantial motivating reason for said actions was medical condition harassment/discrimination, PLAINTIFF has suffered,

41

Exhibit A, Page 55

substantial losses in earnings upon her wrongful termination and employment benefits and emotional distress in an amount to be determined according to proof at trial. PLAINTIFF is further entitled to attorney's fees and costs of suit pursuant to Government Code §12900 *et seq*.

126.   In doing the acts herein alleged, DEFENDANT acted with malice and oppression, and with a conscious disregard of PLAINTIFF's rights, and PLAINTIFF is entitled to exemplary and punitive damages from DEFENDANT in an amount to be determined to punish DEFENDANT and to deter such wrongful conduct in the future.

## TENTH CAUSE OF ACTION

### Wrongful Termination In Violation of Public Policy

### (By PLAINTIFF Against All Defendants)

127.   PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint. In retaliation for taking a protected leave of absence due to her medical condition, as set forth herein, DEFENDANT retaliated against and wrongfully discharged PLAINTIFF from employment, in violation of Cal. Lab. Code Sections 1102.5 and 6310.

128.   In October of 2021, PLAINTIFF advised DEFENDANT of her Covid diagnosis and her worsening condition regarding her Asthma, continuing throughout the rest of her employment up until her termination on December 27, 2021, DEFENDANT retaliated against PLAINTIFF and denied her job promotions and other employment related benefits. PLAINTIFF went on a leave of absence as approved by DEFENDANT, but when it was time to return to work after PLAINTIFF's leave of absence, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating and discriminating against PLAINTIFF after PLAINTIFF informed DEFENDANT of her Asthma disability. Specifically, DEFENDANT terminated PLAINTIFF's employment with DEFENDANT in

December of 2021. As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate her employment, which is against public policy. t

129.   Subsequent to PLAINTIFF's participation in protective activity by taking a leave of absence due to her medical condiiton, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating against PLAINTIFF and terminating PLAINTIFF's employment.

130.   DEFENDANT terminated PLAINTIFF's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, PLAINTIFF's employment was terminated in part because of her protected status.  These actions were in violation of FEHA, the California Constitution, and California Labor Code Section 1102.5.

131.   As a proximate result of DEFENDANT's wrongful termination of PLAINTIFF's employment violation of fundamental public policies, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to PLAINTIFF's damage in a sum according to proof.

132.   As a result of DEFENDANT's wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered general and special damages in sums according to proof.

133.   DEFENDANT's wrongful termination of PLAINTIFF's employment was done intentionally, in a malicious, fraudulent, oppressive manner entitling PLAINTIFF to punitive damages.

134.   PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

43

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

    D)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

44

CLASS ACTION COMPLAINT

E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.    On behalf of PLAINTIFF for the Ninth and Tenth causes of action:

A)    Compensatory damages, according to proof at trial, but in excess of $25,000.

B)    Special and General damages according to proof;

C)    Statutory damages, penalties and attorney's fees;

D)    For punitive damages in an amount necessary to make an example of and to punish DEFENDANT and deter DEFENDANT from engaging in future similar conduct;

E)    For loss of earnings (both past and future); and,

F)    For interest at the legal rate in an amount according to proof.

4.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: March 17, 2022        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: _____

Norman B. Blumenthal
Nicholas J. De Blouw
Attorneys for Plaintiff

45

1

## DEMAND FOR A JURY TRIAL

2

3

    PLAINTIFF demands a jury trial on issues triable to a jury.

4

5   Dated: March 17, 2022          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

6

7

8   By: _____
        Norman B. Blumenthal
9       Nicholas J. De Blouw
        Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

46
CLASS ACTION COMPLAINT